UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Mohamed Guled Abdi, as trustee for the Heirs and Next-of Kin of Ahmed Mohamed Guled, Decedent, | Civil No. 12-0306 (JNE/JJG) |
| Plaintiff, | REPORT AND RECOMMENDATION |
| v. | |
| Officer Christopher Garbisch, Officer Jeffrey Newman, Officer Shawn Powell, Officer Chad Conner, Officer Brandon Bartholomew, Officer Chris Tucker, and City of Minneapolis, | |
| Defendants. | |

JEANNE J. GRAHAM, United States Magistrate Judge

This matter is before the Court on Defendants' Joint Motion for Summary Judgment, or in the Alternative, to Dismiss for Lack of Prosecution (ECF No. 17). Plaintiff Mohamed Guled Abdi appeared at the hearing *pro se*, along with a Somali interpreter. Defendants were represented by Darla Boggs, Assistant City Attorney. As set forth below, the Court recommends that Defendants' motion for summary judgment be denied, the motion to dismiss for failure to prosecute be granted, and this matter be dismissed without prejudice.

I.   **Factual Background**

Plaintiff represents the estate of his son Ahmed Mohamed Guled ("Guled"). Guled was shot and killed by Minneapolis police officers on February 5, 2009. Guled was driving a vehicle that had been reported stolen when Defendants Brandon Bartholomew and Chris Tucker began to pursue him. (Affidavit of Brandon Bartholomew ¶¶ 4-10.) Bartholomew and

Tucker activated their lights when the driver of the stolen vehicle began to swerve erratically. (*Id.* ¶ 12.) The vehicle did not stop. (*Id.* ¶ 13.) Instead, Guled turned onto Morgan Avenue, where the other Defendant officers were in the midst of a suspicious person stop. (Affidavit of Shawn Powell ¶¶ 5-7.) Guled drove straight toward one of the squad cars involved in the unrelated stop. (Bartholomew Aff. ¶¶ 16-17.) As the vehicle came toward the squad car, Defendant Garbisch unsuccessfully attempted to get out of its path. (Affidavit of Chris Tucker ¶¶ 15-18.) Garbisch was pinned between his squad car's frame and the open driver's door until the vehicle struck the driver's door. (Affidavit of Jeffrey Newman ¶¶ 16-17.)

Throughout the incident, there were two volleys of gunfire. (*Id.* ¶¶ 19, 24.) In between the volleys, the stolen vehicle continued to proceed toward the squad cars. (*Id.* ¶ 24.) After the second volley of gunfire, Guled slumped to the ground outside of the vehicle and the vehicle continued to drive down Morgan Avenue. (*Id.*) Unfortunately, he did not survive his gunshot wounds. (Affidavit of Christopher Garbisch, ¶ 15.)

## II.     Procedural Background

Plaintiff filed his Complaint in February 2012. Plaintiff's Complaint was in English and had almost no grammatical or other linguistic errors. Before Defendants answered, Plaintiff requested appointment of counsel. (Letter from Plaintiff Abdi of February 6, 2012, ECF No. 2.) Defendants timely answered and a Rule 16 scheduling conference was set for April 2, 2012. Shortly after the Rule 16 conference was scheduled, Plaintiff requested a Somali interpreter for all court appearances. (Request of Plaintiff Abdi of March 29, 2012, ECF No. 7.) The Court advised Plaintiff that, in civil matters, the burden of locating and paying for an interpreter is on the party requesting that service. The Court also referred Plaintiff to the FBA *Pro Se* Project in an attempt to match him with pro bono representation.

The Rule 16 conference was rescheduled for June 28, 2012. After numerous efforts by the FBA *Pro Se* Project to match Plaintiff with willing pro bono counsel, the efforts became fruitless and the Court was required to proceed.

On June 26, 2012, two days before the scheduled Rule 16 conference, Plaintiff telephoned this Court's chambers and advised that he would be in Africa until mid-August. The Court scheduled a third Rule 16 conference for August 24, 2012, at 9:30 a.m. The Court noted, "This conference **will not** be rescheduled. If Plaintiff fails to appear on August 24, 2012, a Pretrial Scheduling Order will be issued without a conference." (ECF No. 13 (emphasis in original).) Plaintiff did not appear. The Court noted at the Rule 16 conference and in this Court's Minutes of the conference, that if, after notification from Defendants, Plaintiff failed to provide initial disclosures in a timely fashion, the matter would be dismissed for failure to prosecute.

The Court issued a pretrial scheduling order on August 27, 2012. In the order, the Court noted, "Plaintiff's failure to provide his pre-discovery disclosures on or before September 14, 2012 **shall** result in this Court recommending that this matter be dismissed for failure to prosecute." (ECF No. 15 (emphasis in original).) Plaintiff failed to provide his initial disclosures as required by the pretrial scheduling order. There has been no indication, from Defendants or the Clerk of Court, that Plaintiff has not received communications from Defendants or the Court. Plaintiff did not participate in discovery whatsoever. He failed to respond to any of Defendants' discovery requests and propounded no discovery of his own. Moreover, Plaintiff did not file a written opposition to Defendants' motion, and, while he appeared at the hearing on this motion, he did not address his failures to meet the Court's

deadlines or provide any justification, except to cite his minimal understanding of the English language and his inability to secure counsel.

## III. Discussion

### A. Standard of Review

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the dismissal of an action for failure to prosecute. Dismissal is a "drastic sanction which should be used sparingly." *Welsh v. Automatic Poultry Feeder Co.*, 439 F.2d 95, 96 (8th Cir. 1971). In determining whether dismissal is appropriate, the Court is obliged to rely on "'all the facts of a particular situation,' taking into consideration the purpose of the exercised power." *Wright v. Sargent*, 869 F.2d 1175, 1176 (8th Cir. 1989) (quoting *Welsh*, 439 F.2d at 97).

Primarily, the Court should consider the "egregiousness of the plaintiff's conduct," and secondarily, "the adverse effect of the plaintiff's conduct on the defendant and on the administration of justice." *Id.* (quoting *Garrison v. Int'l Paper Co.*, 714 F.2d 757, 759 (8th Cir. 1983)) (internal quotation marks omitted). The Court should establish whether there is "willful disobedience of a court order or persistent failure to prosecute a complaint" that establishes a "clear record of delay." *Lunsford v. RBC Dain Rauscher, Inc.*, 590 F. Supp. 2d 1153, 1158 (D. Minn. 2008) (Doty, J.) (quotations omitted). Indeed, "[o]nly unreasonable delays will support a dismissal for lack of prosecution, and unreasonableness is not inherent in every lapse of time." *Boyle v. Am. Auto Serv., Inc.*, 571 F.3d 734, 739 (8th Cir. 2009).

In considering the two factors set forth in *Wright*, the Court is permitted to determine whether any other solution, such as a continuance, would increase the likelihood that the case would move forward. *See Garland v. Peebles*, 1 F.3d 683, 687 (8th Cir. 1993). Likewise, courts are required to consider whether any "less-severe sanction could adequately remedy the

effect of the delay on the court and the prejudice to the opposing party." *Smith v. Gold Dust Casino*, 526 F.3d 402, 406 (8th Cir. 2008) (quoting *Mann v. Baumer*, 108 F.3d 145, 147 (8th Cir. 1997)). In considering the availability of other sanctions, courts consider the "need to advance a crowded docket versus the consequences of denying a plaintiff his day in court." *Garland*, 1 F.3d at 686 (citing *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986)). Importantly, while litigants appearing *pro se* are entitled to liberal construction of pleadings, *Haines v. Kerner*, 404 U.S. 519, 519 (1972) (per curiam), they "are not excused from compliance with procedural rules and Court orders," *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, (8th Cir. 1996).

**B. Analysis**

Under the circumstances presently before the Court, dismissal without prejudice is an appropriate sanction for Plaintiff's repeated inability to comply with Court deadlines and previous orders. In considering the availability of other sanctions, the Court finds that a monetary sanction would be unwise, as Plaintiff was a candidate for pro bono representation through the FBA's *Pro Se* Project, which requires a plaintiff to be without means to hire an attorney.

In the same vein, a continuance would be unproductive. It is not as though Plaintiff has attempted to comply with orders or his discovery obligations. On the contrary, Plaintiff has done little to move this case toward completion, aside from filing his Complaint and appearing at the hearing to oppose summary judgment. Thus, just as in *Garland*, there is no indication whatsoever that granting a continuance would increase the likelihood that this case would move forward. *Id.* at 687.

When Plaintiff, or an associate of his, inquired about an interpreter to assist in his participation at hearings, the Court consistently advised Plaintiff that, in a civil case, he was required to obtain an interpreter. The Court provided names for his consideration. Clearly he understood this direction, as he obtained an interpreter for his only in-court appearance. Moreover, the Complaint filed in this matter was written in completely comprehensible English. Accordingly, Plaintiff was capable of starting the lawsuit within the rules, but then he failed to comply with any further deadlines or requirements. At the hearing on this motion, Plaintiff raised concerns about retaining counsel, but "alleged difficulties with legal representation, though regrettable, do not excuse him from the litigant's responsibility to comply with the [Court]'s substantive and procedural requirements." *Shen v. Hosp. Hill Health Servs. Corp.*, 20 F. App'x 595, 596 (8th Cir. 2001) (per curiam) (unpublished). This is especially so where Plaintiff was provided access to the FBA's *Pro Se* Project.

Plaintiff's shortcomings cannot be said to have been made in bad faith, but they have certainly been unreasonable. Plaintiff filed a complaint and that is the extent of his participation. This matter has been set for multiple hearings, which have either been cancelled on very short notice, or have gone forward without participation or advanced written positions from Plaintiff as required.

This recommendation is not intended to be punitive in nature. The same burden to follow procedural rules applies to *pro se* litigants as to those litigants represented by counsel. Plaintiff has entirely failed that burden. Summary judgment would have resulted in an adjudication on the merits even though it was virtually unopposed. However, the Court acknowledges his appearance at the summary judgment hearing. It is for that reason that the Court recommends the alternative remedy sought by Defendant – that this matter be dismissed

without prejudice. Such a dismissal allows Plaintiff to re-evaluate his position, seek counsel in advance of filing another Complaint, and come back to the Court in a more prepared state. Dismissal without prejudice is the least severe sanction available to convey the seriousness of Plaintiff's disregard, while not completely depriving him of his day in court, if he so chooses. *See Braxton v. Bi-State Dev. Agency*, 728 F.2d 1105, 1107 (8th Cir. 1984) (affirming dismissal without prejudice after fifteen month delay). This remedy achieves Rule 41(b)'s purpose without unnecessarily punishing Plaintiff for unreasonably delaying the completion of this matter.

IV. **Recommendation**

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendants' Joint Motion for Summary Judgment, or in the Alternative, to Dismiss for Lack of Prosecution (ECF No. 17) be **DENIED** as to summary judgment and **GRANTED** as to dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure;

2. This matter be **DISMISSED WITHOUT PREJUDICE**; and

3. **JUDGMENT BE ENTERED ACCORDINGLY**.


Dated: August 16, 2013                     s/ *Jeanne J. Graham*
                                           JEANNE J. GRAHAM
                                           United States Magistrate Judge


**NOTICE**

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **September 6, 2013**. A party may respond to the objections within fourteen days after service

thereof. Any objections or responses shall not exceed 3,500 words. The district judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made. The party making the objections must timely order and file the transcript of the hearing unless the parties stipulate that the district judge is not required to review a transcript or the district judge directs otherwise.